FILED

AUG 28 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT,<br><br>    Plaintiff,<br>vs.<br>UNDERWRITERS AT LLOYD'S, LONDON AND OTHER LONDON MARKET INSURERS; NORTH PACIFIC INSURANCE COMPANY, LTD.,<br><br>    Defendants.<br>NORTH PACIFIC INSURANCE COMPANY,<br><br>    Counterclaimant,<br>vs.<br>SAN DIEGO UNIFIED PORT DISTRICT,<br><br>    Counter-Defendant. | CASE NO. 15-cv-00022-WQH-JLB<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) ("motion to dismiss the Counterclaim for Reimbursement") (ECF No. 25) filed by Plaintiff and Counter-Defendant San Diego Unified Port District.

**I. Background**

    On January 6, 2015, Plaintiff San Diego Unified Port District commenced this action by filing the Complaint in this Court against Defendants Underwriters at Lloyd's

London and Other London Market Insurers ("Lloyd's") and North Pacific Insurance Company, Ltd. (ECF No. 1). On March 5, 2015, North Pacific Insurance Company ("North Pacific") appeared in this action, filing a motion for a more definite statement.[1] (ECF No. 6). On March 26, 2015, Plaintiff filed the First Amended Complaint ("FAC"), which is the operative complaint in this case. (ECF No. 12). On March 27, 2015, the Court issued an Order, denying North Pacific's motion for a more definite statement as moot. (ECF No. 14). On May 28, 2015, Defendant Lloyd's filed an answer. (ECF No. 21). On May 28, 2015, Defendant North Pacific filed an answer and Counterclaim for Reimbursement against Plaintiff. (ECF No. 20).

On June 22, 2015, Plaintiff filed the motion to dismiss the Counterclaim for Reimbursement, accompanied by a declaration and two exhibits. (ECF No. 25). On July 13, 2015, Defendant North Pacific filed an opposition (ECF No. 29), accompanied by a request for judicial notice (ECF No. 30). On July 20, 2015, Plaintiff filed a reply, accompanied by a request for judicial notice. (ECF No. 33).

## II. Allegations of the FAC

The FAC alleges that North Pacific entered into insurance policies, Policy Nos. 85CB1004 (9-1-85 to 9-1-87), with non-party Campbell Industries, Inc. ("Campbell"), which agreed to "defend the Port against property damage liability claims arising out of an occurrence...." (ECF No. 12 at 4). In 2004, the California Regional Water Quality Control Board ("the Regional Board") issued Investigative Order No. R9-2004-0027, requiring Plaintiff to "prepare and submit a technical report to the Regional Board regarding contaminated marine sediment in the San Diego Bay" at the National Steel & Shipbuilding Company Shipyard Sediment Site ("the Site"). *Id.* at 5. In 2009, the City of San Diego filed a lawsuit against Plaintiff and other parties in the Southern

---

[1] According to North Pacific, North Pacific and North Pacific Insurance Company, Ltd. are distinct and unrelated entities. (ECF No. 20 at 18). North Pacific is a company organized under the laws of Oregon, and North Pacific Insurance Company, Ltd. is a company organized under the laws of Bermuda. *Id.* North Pacific appears in this action as "Defendant North Pacific Insurance Company ... sued erroneously as North Pacific Insurance Company, Ltd...." *Id.* at 2.

District, and other parties filed cross-claims against Plaintiff ("the Shipyard Suit"). In 2012, the Regional Board ordered Plaintiff to take "corrective actions necessary to remediate the contaminated marine bay sediment" at the Site. *Id.*

Plaintiff "timely tendered the Shipyard Suit to North Pacific, along with written requests that North Pacific defend and indemnify the Port pursuant to the provisions of the North Pacific Policies." *Id.* at 6. In April 2012, Defendant North Pacific agreed to defend Plaintiff in the Shipyard Suit, subject to a reservation of rights. "North Pacific has failed to fully defend the Port in the Shipyard Suit pursuant to the Port's North Pacific Policies." *Id.*

The FAC asserts eight claims for relief, and three claims against Defendant North Pacific: (1) declaratory relief; (2) breach of contract; and (3) bad faith and the breach of the implied covenant of good faith and fair dealing. Plaintiff requests a declaration that the North Pacific policies obligate Defendant North Pacific "to fully defend and reimburse the Port and to pay in full on the Port's behalf all defense fees, costs and expenses related to the Shipyard Suit." *Id.* at 16. Plaintiff requests compensatory, consequential, exemplary, and punitive damages, attorneys' fees, costs, interest, and future costs from Defendant North Pacific.

**III. Allegations of the Counterclaim for Reimbursement**

Defendant North Pacific is an insurance company incorporated under Oregon law. North Pacific Insurance Company, Ltd. is a Bermuda corporation. Defendant North Pacific was unaware of North Pacific Insurance Company, Ltd.'s existence until April 2015. North Pacific Insurance Company, Ltd. insured Campbell from 1985 until 1987, "under Policy Nos. 85CB1004 and 86CB1004." (ECF No. 20 at 18). When Plaintiff tendered defense in the Shipyard Suit, Plaintiff tendered the defense to Defendant North Pacific instead of North Pacific Insurance Company, Ltd.

"North Pacific accepted tender of the Shipyard Suit, in a situation where North Pacific reasonably believed the actual policy or policies of insurance to be lost, subject to and expressly conditioned on North Pacific's full reservation of rights to deny

coverage." *Id.* at 18. Defendant North Pacific has been defending Plaintiff since 2012 and paying 6.6% share of Plaintiff's invoices, for a total of $129,525.96. "On April 22, 2015, shortly after North Pacific learned it owed no obligations to the Port, North Pacific demanded repayment of this $129,525.96 sum." *Id.* at 19.

The Counterclaim for Reimbursement asserts one claim for relief: reimbursement of Defense Fees and Costs against the Port. Under the heading "First Cause of Action" for "Reimbursement of Defense Fees and Costs against the Port," the Counterclaim alleges, "North Pacific is entitled to recovery of the $129,525.96 on the theories of restitution, unjust enrichment, quasi-contract, and/or reimbursement under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997)." *Id.* at 20. The Counterclaim requests judgment in Defendant North Pacific's favor, reimbursement, costs, and attorneys' fees.

**IV. Motion to Dismiss**

    **A. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

### B. Contentions of the Parties

Plaintiff moves to dismiss Defendant North Pacific's Counterclaim on the ground that Defendant North Pacific was required to submit a written claim to Plaintiff pursuant to California's Tort Claims Act ("CTCA"), California Government Code §§ 900, *et seq.*, prior to filing the Counterclaim for Reimbursement because Plaintiff is a public agency. Plaintiff asserts that Defendant did not comply with the written claim requirement. Plaintiff contends that the Counterclaim contains no allegations demonstrating that Defendant North Pacific complied with the written claim requirement, or that Defendant North Pacific should be excused from complying. Plaintiff submits an April 22, 2015 letter from Defendant North Pacific's counsel to Plaintiff's counsel and contends that the April 22, 2015 letter does not satisfy the CTCA's written claim requirement.

Defendant North Pacific contends that two exceptions to the written claim requirement apply to this case. First, Defendant North Pacific contends that it is not required to submit a written claim pursuant to the CTCA because Plaintiff is not listed on the California Secretary of State's Roster of Public Agencies. Defendant North

1  Pacific requests judicial notice of a "California Secretary of State Certificate of No
2  Record re: the San Diego Unified Port District." (ECF No. 30 at 2). Second,
3  Defendant North Pacific contends that the written claim requirement "does not apply
4  to a defendant's counterclaims against a government-entity plaintiff that relate[s] to the
5  same set of facts that are alleged in the government-plaintiff's complaint." (ECF No.
6  29 at 10).

7  With respect to the first exception, Plaintiff contends that Defendant North
8  Pacific is still required to submit a written claim because Plaintiff satisfied its
9  obligation to file a statement with the Secretary of State to be placed on the Roster of
10 Public Agencies. Plaintiff asserts that the failure to list Plaintiff on the Roster of Public
11 Agencies is the Secretary of State's fault, not Plaintiff's fault. Plaintiff requests
12 judicial notice of filings it submitted to the Secretary of State to be listed on the Roster
13 of Public Agencies.

14 With respect to the second exception, Plaintiff contends that the second
15 exception raised by Defendant North Pacific only applies to a "cross-action against a
16 cross-defendant and raises the issue of relative liability among the public entity and the
17 defendant in a third-party lawsuit." (ECF No. 33 at 5). Plaintiff contends that
18 Defendant North Pacific's Counterclaim and Plaintiff's FAC "arise out of very
19 different factual and legal circumstances." *Id.* at 4.

20 **C. Requests for Judicial Notice**

21 Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a
22 fact that is not subject to reasonable dispute because it ... is generally known within the
23 trial court's territorial jurisdiction; or ... can be accurately and readily determined from
24 sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 210(b).
25 "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public
26 record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack
27 v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

28 Defendant North Pacific requests judicial notice of a "California Secretary of

State Certificate of No Record re: the San Diego Unified Port District." (ECF No. 30). Plaintiff does not object. The Court takes judicial notice of the "California Secretary of State Certificate of No Record re: the San Diego Unified Port District" as a matter of public record.

Plaintiff requests judicial notice of four exhibits, all filings submitted to the California Secretary of State with respect to the "Roster of Public Agencies." (ECF No. 33-1 at 2). All exhibits are file-stamped by the California Secretary of State. The Court takes judicial notice of the four exhibits appearing at ECF No. 33-3 as a matter of public record.

**D. Analysis**

California Government Code section 945.4 provides:

> Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov. Code § 945.4. Section 946.4 provides two exceptions to this requirement:

> (a) Where provision is made by or pursuant to law that no suit may be brought against a public agency as defined in Section 53050 unless and until a claim is presented to the agency, the failure to present a claim does not constitute a bar or defense to the maintenance of a suit against such public agency if, during the 70 days immediately following the accrual of the cause of action:
>
> (1) No statement pertaining to the public agency is on file, or is placed on file, in the Roster of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then maintains an office, as required by Section 53051; or
>
> (2) A statement or amended statement pertaining to the public agency is on file, or is placed on file, in the Roster of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then maintains an office, but the information contained therein is so inaccurate or incomplete that it does not substantially conform to the requirements of Section 53051.
>
> (b) On any question of fact arising within the scope of paragraphs (1) and (2) of subdivision (a), the burden of proof is upon the public agency.

*Id.* § 946.4(a), (b). Section 53051(c) provides that "[i]t shall be the duty of the

Secretary of State and of the county clerk of each county to establish and maintain an indexed 'Roster of Public Agencies,' to be so designated, which shall contain all information as required in subdivisions (a) and (b), which roster is hereby declared to be a public record." *Id.* § 53051(c).

Plaintiff has submitted a judicially noticeable document from the Secretary of State, dated July 8, 2015, titled "CERTIFICATE OF NO RECORD," and stating that the Secretary of State has "failed to find any records of a filing in this office and in accordance with California Government Code section 53051" for Plaintiff. (ECF No. 30-1 at 2). The fact that Plaintiff submitted four documents to the Secretary of State pertaining to the Roster of Public Agencies between April 2013 and January 2015 does not establish that these filings were "on file, or placed on file, in the Roster of Public Agencies" during the 70 days immediately following the accrual of Defendant North Pacific's claim. Cal. Gov. Code § 946.4(a). The Court concludes that Plaintiff has the "burden of proof" as the "public agency" and has failed to establish that a "statement pertaining to [Plaintiff] is on file, or is placed on file, in the Roster of Public Agencies" during the 70 days immediately following the accrual of Defendant North Pacific's claim. *Id.* §§ 946.4(a), (b).

"[I]t is manifestly unjust to allow a State to bring a suit upon a contract and then to use what amounts to a notice statute to shield itself from a cross-complaint asserted by the defendant in the same suit and arising from that very contract. *People ex rel. Dep't of Parks and Recreation v. West-A-Rama, Inc.*, 35 Cal. App. 3d 786, 794 (1973). Both the Complaint and the Counterclaim seek a determination of rights and liabilities pursuant to Policy No. 85CB1004. *See* ECF No. 12 at 4-5 ("North Pacific insured Campbell pursuant to one or more written policies of insurance in effect for all of or portions of the period from September 1, 1985 to September 1, 1987 under Policy Nos. 85CB1004 (9-1-85 to 9-1-87)...."); ECF No. 20 at 18 ("Bermuda North Pacific insured Campbell Industries and certain of its affiliates ... from October 16, 1985 to September 1, 1987 under Policy Nos. 85CB1004 and 86CB1004."). Plaintiff seeks a declaration

1  that it is entitled to defense pursuant to this policy, while Defendant North Pacific
2  seeks a judgment that Defendant has no obligations to Plaintiff pursuant to this policy
3  and that it is entitled to reimbursement for defense costs paid under this policy. The
4  Court concludes that Plaintiff is not entitled to "shield itself from a [counterclaim]
5  asserted by the defendant in the same suit and arising from" the same contract upon
6  which Plaintiff commenced this action. *West-A-Rama, Inc.*, 35 Cal. App. 3d at 794.
7  Plaintiff's motion to dismiss pursuant to Rule 12(b)(6) is denied.

### V. Motion for a More Definite Statement

Plaintiff moves for a more definite statement pursuant to Rule 12(e) on the ground that Plaintiff is unable to ascertain Defendant North Pacific's legal theories. Plaintiff contends that Defendant North Pacific's reimbursement claim is vague because one of the supporting allegations for that claim states that Defendant North Pacific is entitled to recovery under restitution, unjust enrichment, quasi-contract, and reimbursement theories.

Defendant North Pacific contends that the Counterclaim for Reimbursement sets forth all key facts. Defendant North Pacific contends that Plaintiff only objects to one paragraph as vague, paragraph 115. Defendant North Pacific contends that there is nothing improper about paragraph 115.

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement for a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion "must point out the defects complained of and the details desired." *Id.*

The Counterclaim for Reimbursement contains factual allegations and a single claim for reimbursement. Paragraph 115 states that "North Pacific is entitled to recovery of the $129,525.96 on the theories of restitution, unjust enrichment, quasi-contract, and/or reimbursement under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997)." (ECF No. 20 at 20).

*Buss* held that an insurer may seek "reimbursement" from the insured when it

assumes defense for claims that are "not even potentially covered." *Buss*, 16 Cal. 4th at 50. *Buss* explained:

> The insurer therefore has a right of *reimbursement* that is implied in law as *quasi-contractual*, whether or not it has one that is implied in fact in the policy as contractual. As stated, under the law of *restitution* such a right runs against the person who benefits from "*unjust enrichment*" and in favor of the person who suffers loss thereby.

*Id.* at 51 (emphases added). The Court concludes that the Counterclaim for Reimbursement is not "so vague" that Plaintiff "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

The Court concludes that a more definite statement is not warranted. Plaintiff's motion for a more definite statement is denied.

## VI. Conclusion

IT IS HEREBY ORDERED that Plaintiff's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is DENIED.

DATED: 8/28/15

**WILLIAM Q. HAYES**
United States District Judge