1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, | CASE NO. 15-cv-00022-WQH-JLB |
| Plaintiff, | ORDER |
| vs. | |
| UNDERWRITERS AT LLOYD'S, LONDON AND OTHER LONDON MARKET INSURERS; NORTH PACIFIC INSURANCE COMPANY, LTD., | |
| Defendants. | |
| NORTH PACIFIC INSURANCE COMPANY, | |
| Counterclaimant, | |
| vs. | |
| SAN DIEGO UNIFIED PORT DISTRICT, | |
| Counter-Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration of Court's Order Denying Plaintiff's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (ECF No. 47) filed by Plaintiff and Counter-Defendant San Diego Unified Port District.

## I. Background

On January 6, 2015, Plaintiff San Diego Unified Port District commenced this action by filing the Complaint in this Court against Defendants Underwriters at Lloyd's London and Other London Market Insurers ("Lloyd's") and North Pacific Insurance

Company, Ltd.  (ECF No. 1).  On March 26, 2015, Plaintiff filed the First Amended Complaint ("FAC"), which is the operative complaint in this case.  (ECF No. 12).  On May 28, 2015, Defendant Lloyd's filed an answer.  (ECF No. 21).  On May 28, 2015, Defendant North Pacific filed an Answer and Counterclaim for Reimbursement against Plaintiff.  (ECF No. 20).

On June 22, 2015, Plaintiff filed a motion to dismiss the Counterclaim for Reimbursement, accompanied by a declaration and two exhibits.  (ECF No. 25).  Plaintiff contended that Defendant North Pacific was required to submit a written claim to Plaintiff pursuant to California's Tort Claims Act ("CTCA"), California Government Code §§ 900, *et seq*., prior to filing the Counterclaim for Reimbursement because Plaintiff is a public agency.  Plaintiff contended that Defendant did not comply with the written claim requirement.  In opposition, Defendant contended that it was not required to submit a written claim pursuant to the CTCA because (1) Plaintiff was not listed on the California Secretary of State's Roster of Public Agencies and (2) the written claim requirement "does not apply to a defendant's counterclaims against a government-entity plaintiff that relate[ s] to the same set of facts that are alleged in the government-plaintiffs complaint."  (ECF No. 29 at 10).

On August 28, 2015, the Court issued an Order denying Plaintiff's motion.  (ECF No. 44).  The Court concluded that the Port District was not listed in the Roster of Public Agencies kept by the Secretary of State and therefore not subject to the Act.  In reaching that conclusion, the Court took judicial notice of a document submitted by Defendant from the Secretary of State, dated July 8, 2015, titled "CERTIFICATE OF NO RECORD," stating that the Secretary of State had "failed to find any records of a filing in this office and in accordance with California Government Code section 53051" for Plaintiff.  The Court concluded that "[t]he fact that Plaintiff submitted four documents to the Secretary of State pertaining to the Roster of Public Agencies between April 2013 and January 2015 does not establish that these filings were 'on file, or placed on file, in the Roster of Public Agencies' during the 70 days immediately

following the accrual of Defendant North Pacific's claim." *Id*. at 8.  The Court also concluded that "Plaintiff is not entitled to 'shield itself from a [counterclaim] asserted by the defendant in the same suit and arising from' the same contract upon which Plaintiff commenced this action." *Id*. at 9.

On September 23, 2015, Plaintiff filed a Motion for Reconsideration accompanied by a request for judicial notice of a letter from California Secretary of State Business Programs Division to Simon M. Kann, Deputy General Counsel, of San Diego Unified Port District, dated September 3, 2015 and California Secretary of State, Certificate of Filing, dated September 3, 2015.  (ECF No. 47).  The letter states,

> On approximately July 8, 2015, our office issued a Certificate of No Record in reference to a Statement of Facts/Roster of Public Agencies filing for San Diego Unified Port District in error.
>
> The records of the Secretary of State's office reflect an initial Statement of Facts/Roster of Public Agencies filing was filed pursuant to California Government Code section 53051 for San Diego Unified Port District on January 22, 1964.  Subsequent filings for San Diego Unified Port District have been filed over the years with the most recent update filed on July 1, 2015.

(ECF No. 47-4 at 2).  On October 9, 2015, Defendants filed an opposition.  (ECF No. 48).  On October 19, 2015, Plaintiff filed a reply.  (ECF No. 49).

**II.  Requests for Judicial Notice**

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed R. Evid. 210(b).  "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

Plaintiff requests judicial notice of one exhibit, a Letter from California Secretary of State, Business Programs Division to Simon M. Kann, Deputy General Counsel, of San Diego Unified Port District, dated September 3, 2015 and California Secretary of

1  State, Certificate of Filing, dated September 3, 2015. (ECF No. 47-2 at 1-2). The Court
2  takes judicial notice of the exhibit appearing at ECF No. 47-4 as an unopposed certified
3  public record.

4  **III. Discussion**

5  　　　Plaintiff requests that the Court reconsider its Order based upon "the Secretary
6  of State's mistake in issuing a Certificate of No Record for the Port District in the
7  California Roster of Public Agencies." (ECF No. 47-1 at 4). Plaintiff contends that "on
8  September 2, 2015, Plaintiff contacted the California Secretary of State, Business
9  programs Division to inquire about the status of the Port District's listing on the
10 California Roster of Public Agencies." (ECF No. 47-1 at 3). Plaintiff contends that
11 on September 9, 2015, the Secretary of State confirmed by letter that the Port District
12 is listed on the Roster of Public Agencies. *Id*. at 4. Plaintiff requests that the Court
13 determine that "the Port District is listed on the Roster of Public Agencies and that the
14 claims filing requirements of the Act do apply to claims against the Port District." *Id*.
15 at 11.

16 　　　Defendants contends that Plaintiff's motion for reconsideration should be denied
17 because there are no proper grounds to reverse the prior decision. (ECF No. 48).
18 Defendants contends that even if Plaintiff was on the roster of public agencies, "the
19 second basis for the Court's Order—the Act does not apply to counterclaims arising out
20 of the same set of facts alleged in a public entity plaintiff's complaint" remains valid.
21 *Id*. at 4.

22 　　　Plaintiff explains that it is not seeking to reverse the Court's Order. (ECF No.
23 49). Plaintiff states that it is requesting that the Court "amend the Order to reflect that
24 the Port District was listed on the Roster and that the Act does apply to claims against
25 the Port District in an effort to eliminate any impact on potential third party claimants
26 and the Port District in the future." *Id*.

27 　　　Reconsideration is an "extraordinary remedy, to be used sparingly in the interests
28 of finality and conversation of judicial resources." *Kona Enters. Inc. v. Estate of*

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999))

Plaintiff has presented new evidence to warrant reconsideration of the Court's August 28, 2015 Order (ECF No. 44). The Court concludes that Plaintiff has met its burden in establishing that it is listed as a Public Agency on the Roster of Public Agencies. The Motion to Dismiss is denied on grounds that "Plaintiff is not entitled to 'shield itself from a [counterclaim] asserted by the defendant in the same suit and arising from' the same contract upon which Plaintiff commenced this action." (ECF No. 44 at 9).

## VI. Conclusion

IT IS HEREBY ORDERED that the Motion for Reconsideration is GRANTED. (ECF No. 47) as stated in this order.

DATED: January 14, 2016

**WILLIAM Q. HAYES**
United States District Judge

15cv00022-WQH-JLB